IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | | |
|---|---|---|
| **JONAH RICHARDSON**, on behalf of himself and others similarly situated, | : : : | CASE NO. |
| Plaintiff, | : : | |
| v. | : : | **COLLECTIVE AND CLASS ACTION COMPLAINT** |
| **TESSENDERLO KERLEY, INC.** | : : | |
| Defendant. | : : : | **JURY DEMAND ENDORSED HEREON** |

Named Plaintiff Jonah Richardson ("Named Plaintiff"), individually and on behalf of others similarly situated, files this Collective Action Complaint against Defendant Tessenderlo Kerly, Inc. ("Defendant") for its failure to pay employees overtime wages, seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq*. This FLSA claim is brought as a collective action pursuant to 29 U.S.C. § 216(b). Named Plaintiff also seeks all available relief under Washington state law. Named Plaintiff's Washington state law claims are brought as a class action pursuant to Fed. R. Civ. P. 23.

The following allegations are based on personal knowledge as to Named Plaintiff's own conduct and are made on information and belief as to the acts of others. Named Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

**INTRODUCTION**

1. This case challenges certain policies and practices of Defendant that violate the FLSA and Washington state law.

2. Named Plaintiff brings this case as a "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be

maintained against any employer . . . by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." Named Plaintiff brings this case on behalf of himself and other "similarly situated" persons who may join this case pursuant to § 216(b) (the "Opt-Ins").

3.     Named Plaintiff also brings this claim as a class action pursuant to Fed. R. Civ. P. 23 to remedy violations of Washington state law on behalf of other employees employed by Defendant in the State of Washington.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over Named Plaintiff's FLSA claim pursuant to 28 U.S.C. §1331 and 29 U.S.C. § 216(b).

5.     The Court has supplemental jurisdiction over the asserted Washington state law claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

6.     Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because Defendant is a resident of the State of Arizona.

## PARTIES

7.     Named Plaintiff is an individual, a United States citizen, and a resident of the State of Washington.

8.     Named Plaintiff was employed by Defendant within the last three years.

9.     Named Plaintiff was employed as an hourly, non-exempt production employee of Defendant as defined in the FLSA. Specifically, Named Plaintiff was employed by Defendant as a production employee at Defendant's production facility in Washington. During his employment, Named Plaintiff worked forty (40) or more hours in one or more workweek(s).

10. During Named Plaintiff's employment, Defendant did not compensate him for integral and indispensable work. As a result, Named Plaintiff was not fully and properly paid at a rate of one-and-one-half times his regular rate of pay for all of his hours worked in excess of 40 hours per workweek, in violation of the FLSA.

11. Likewise, Defendant applied its pay practices and/or policies to its other similarly situated hourly, non-exempt employees. These similarly situated hourly employees worked forty (40) or more hours in given workweeks. These practices and/or policies resulted in these similarly situated hourly employees not being paid at a rate of one-and-one-half times their regular rate of pay for all of their hours worked in excess of 40 hours per workweek, in violation of the FLSA.

12. Named Plaintiff brings this action on behalf of himself and other similarly situated employees, and he has given his written consent to bring this action to collect unpaid overtime compensation under the FLSA. Named Plaintiff's Consent to Join form is filed herewith, pursuant to 29 U.S.C. § 216(b), and attached as **Exhibit A.**

13. Defendant is a Delaware corporation that has a principal place of business located at 2910 North 44th Street, Suite 100, Phoenix, Arizona 85018.

14. Defendant is engaged in the development, production, and sale of chemicals and chemical products for the agricultural, mining, and industrial markets.

15. Upon information and belief, Defendant has registered numerous other subsidiary and affiliated entities to manage and operate its business activities, and all of these entities maintain interrelated operations, centralized control of labor relations, common management and common ownership, and financial control.

16. Defendant employed Named Plaintiff and other similarly situated employees at their facilities across the country.

17. Upon information and belief, Defendant applies or causes to be applied substantially the same employment policies, practices, and procedures to all employees, including policies, practices, and procedures relating to the payment of wages, overtime, and timekeeping.

18. At all relevant times, Defendant has determined, shared, or co-determined those matters governing the essential terms and conditions of employment for Named Plaintiff and similarly situated employees at Defendant's facilities.

19. At all relevant times, Defendant suffered or permitted Named Plaintiff and other similarly situated hourly production employees to work. The work that Named Plaintiff and other similarly situated hourly production employees performed was for Defendant's benefit.

20. Because the work performed by Named Plaintiff and all other similarly situated employees benefited Defendant and directly or indirectly furthered its interests, Defendant is the "employer" of Named Plaintiff and other similarly situated employees within the meaning of the FLSA, 29 U.S.C. § 203(d), and Revised Code of Washington ("RCW") 49.12.005 and 49.46.010.

21. Named Plaintiff and others similarly situated are "employees" within the meaning of 29 U.S.C. § 203(d) and RCW 49.12.005 and 49.46.010.

22. Defendant is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

23. Named Plaintiff and others similarly situated are employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

24. At all times relevant hereto, Defendant was fully aware of the fact that it was legally required to comply with the FLSA.

**FACTUAL ALLEGATIONS**

25. Named Plaintiff and Defendant's other hourly production employees are involved in the manufacturing of chemicals and chemical products. Named Plaintiff and other similarly situated hourly production employees routinely handle chemicals and other materials while processing and producing their respective products.

26. Named Plaintiff and Defendant's other similarly situated hourly production employees arrive to work prior to the scheduled start of their shifts.

27. Prior to the scheduled start of their shifts, Named Plaintiff and Defendant's other similarly situated hourly production employees were required to don safety clothing and other safety equipment.

28. Named Plaintiff and Defendant's other similarly situated hourly production employees donned their safety clothing and equipment at their place of work.

29. Named Plaintiff and Defendant's other similarly situated hourly production employees were required to wear safety clothing and other safety equipment because of the nature of the productive work they were required to perform – namely, working with hazardous chemicals.

30. After donning their safety clothing and equipment, Named Plaintiff and Defendant's other similarly situated hourly production employees walked to their workstations and would then engage in a "shift turnover" with the previous shift's employee whom they were relieving. During this turnover, the hourly production employee being relieved would relay any necessary information about what had occurred during the previous shift and/or what needed to be accomplished during the incoming shift.

31. These pre-shift duties were integral and indispensable work prior to Named Plaintiff's and Defendant's other similarly situated hourly production employees' job duties, and therefore constituted compensable "work" within the meaning of the FLSA.

32. Despite performing this pre-shift work that was integral and indispensable to their job duties, Defendant did not pay Named Plaintiff and Defendant's other similarly situated production employees for this pre-shift work.

33. Defendant also did not count the time Named Plaintiff and Defendant's other similarly situated production employees engaged in pre-shift work as "hours worked," as required by the FLSA.

34. At the end of their scheduled shift, Named Plaintiff and Defendant's other similarly situated hourly production employees doffed their safety clothing and equipment at their place of work, as the safety clothing and equipment were exposed to and contained the chemicals and chemical products with which Named Plaintiff and Defendant's other similarly situated hourly production employees worked.

35. If Named Plaintiff and Defendant's other similarly situated hourly production employees did not doff their safety clothing and equipment at their place of work, they risked contaminating their personal spaces, including their vehicles and homes, with chemicals manufactured by Defendant.

36. Thus, these post-shift duties were integral and indispensable to Named Plaintiff's and Defendant's other similarly situated hourly production employees' job duties, and therefore constituted compensable "work" within the meaning of the FLSA.

37. Despite performing this post-shift work that was integral and indispensable to their job duties, Defendant did not pay Named Plaintiff and Defendant's other similarly situated production employees for this post-shift work.

38. Defendant also did not count the time Named Plaintiff and Defendant's other similarly situated production employees engaged in post-shift work as "hours worked," as required by the FLSA.

39. Thus, at all relevant times, Defendant failed to pay Named Plaintiff and other similarly situated hourly production employees for all overtime work performed because of Defendant's policy and/or practice of not paying these employees for pre-shift and post-shift work.

40. As a result of Defendant's companywide policies and/or practices described above, Defendant knew or had reason to know that it was not compensating Named Plaintiff and other similarly situated hourly production employees for all overtime pay that they actually earned.

41. Defendant also regularly failed to provide its Washington employees with a meal period of at least thirty minutes which commences no less than two hours nor more than five hours from the beginning of their shift.

42. On the occasions where Defendant's Washington employees were provided with a meal break of at least thirty minutes, Defendant's employees were not relieved of all duties during the entirety of that meal break, and were frequently subject to interruption.

43. Defendant also regularly failed to provide its Washington employees with a rest period of not less than ten minutes, on Defendant's time, for each four hours of working time.

44. During relevant times, Defendant had knowledge of and acted willfully regarding its conduct described herein.

45. Defendant is in possession and control of necessary documents and information from which Named Plaintiff would be able to calculate damages and/or it otherwise failed to keep such records.

## FLSA COLLECTIVE ALLEGATIONS

46. Named Plaintiff brings his FLSA claim pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of himself and all other similarly situated employees of the following opt-in collective:

> All current and former hourly, non-exempt production employees of Defendant who were paid 40 or more hours of work in any workweek during the 3 years preceding the filing of this Complaint and continuing through the final disposition of this case (the "FLSA Collective" or "FLSA Collective Members").

47. Named Plaintiff and the FLSA Collective Members were all subject to the same policies and/or practices described above, which resulted in unpaid overtime.

48. During the last three (3) years, Defendant did not compensate Named Plaintiff and the FLSA Collective Members for all overtime wages that they earned.

49. This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation unpaid in violation of the FLSA, liquidated damages, and attorneys' fees.

50. In addition to Named Plaintiff, the FLSA Collective Members have been denied proper overtime compensation due to the companywide unlawful policies and/or practices described herein. Defendant failed to meet the minimum requirements of the FLSA by not paying Named Plaintiff and the putative FLSA Collective Members overtime wages for all overtime hours worked. Named Plaintiff is representative of those other similarly situated hourly production employees and is acting on behalf of their interests as well as his own in bringing this action.

51. The identities of the putative FLSA Collective Members are known to Defendant and readily identifiable through Defendant's records. These individuals may readily be notified of this action and allowed to opt into it pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA.

## **WASHINGTON CLASS ACTION ALLEGATIONS**

52. Named Plaintiff also brings this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of himself and a class of persons, defined as:

> All current and former hourly, non-exempt production employees of Defendant in Washington who were paid 40 or more hours of work in any workweek during the 3 years preceding the filing of this Complaint and continuing through the final disposition of this case (the "Class" or "Class Members").

53. The Class is so numerous that joinder of all Class Members is impracticable. Named Plaintiff is unable to state the exact size of the potential Class but, upon information and belief, aver that it consists of at least 100 people.

54. There are questions of law or fact common to the Class including: whether Defendant failed to pay its employees for donning and doffing time, whether Defendant failed to provide required meal and rest breaks, and whether these actions resulted in the underpayment of overtime or other wages.

55. Named Plaintiff will adequately protect the interests of the Class. His interests are not antagonistic to but, rather, are in unison with, the interests of the Class members. Named Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation, and are fully qualified to prosecute the claims of the Class in this case.

56. The questions of law or fact that are common to the Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

57. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## FIRST CAUSE OF ACTION:
## FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME

58. All of the preceding paragraphs are realleged as if fully rewritten herein.

59. This claim is brought as part of a collective action by Named Plaintiff on behalf of himself and the FLSA Collective.

60. The FLSA requires that employees receive overtime compensation at one-and-one-half times (1.5x) their regular rates of pay for hours worked in excess of forty (40) per workweek. 29 U.S.C. § 207(a)(1).

61. During the three (3) years preceding the filing of this Complaint, Defendant employed Named Plaintiff and the FLSA Collective Members.

62. Named Plaintiff and the FLSA Collective Members were paid on an hourly basis and worked in non-exempt positions.

63. Named Plaintiff and the FLSA Collective Members regularly worked in excess of forty (40) hours in one or more workweek(s) but were not paid for all overtime hours worked because of Defendant' failure to pay for pre-shift and post-shift work, and its failure to count pre-shift and post-shift work as "hours worked" as required by the FLSA.

64. Defendant violated the FLSA with respect to Named Plaintiff and the FLSA Collective Members by failing to pay overtime for certain hours worked over forty (40) hours in a workweek at one-and-one-half times (1.5x) their regular rates of pay because of Defendant's companywide policy and/or practice described herein.

65. Named Plaintiff and the FLSA Collective Members were not exempt from receiving FLSA overtime benefits.

66. Defendant knew or should have known of the overtime payment requirements of the FLSA. Despite such knowledge, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the FLSA Collective Members are entitled.

67. The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Named Plaintiff and the FLSA Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant or were not kept by Defendant.

68. As a direct and proximate result of Defendant's conduct, Named Plaintiff and the FLSA Collective Members have suffered and continue to suffer damages. Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available on behalf of himself and the FLSA Collective Members.

## SECOND CAUSE OF ACTION:
### WASHINGTON MINIMUM WAGE ACT ("WMWA") – CLASS ACTION FOR UNPAID OVERTIME

69. All of the preceding paragraphs are realleged as if fully rewritten herein.

70. This claim is brought as part of a class action by Named Plaintiff on behalf of himself and the Class.

71. The WMWA requires that employees receive overtime compensation at one-and-one-half times (1.5x) their regular rates of pay for hours worked in excess of forty (40) per workweek. RCW 49.46.130.

72. During the three (3) years preceding the filing of this Complaint, Defendant employed Named Plaintiff and the Class Members.

73. Named Plaintiff and the Class Members were paid on an hourly basis and worked in non-exempt positions.

74. Named Plaintiff and the Class Members regularly worked in excess of forty (40) hours in one or more workweek(s) but were not paid for all overtime hours worked because of Defendant' failure to pay for pre-shift and post-shift work, and its failure to count pre-shift and post-shift work as "hours worked" as required by the WMWA.

75. Defendant violated the WMWA with respect to Named Plaintiff and the Class Members by failing to pay overtime for certain hours worked over forty (40) hours in a workweek at one-and-one-half times (1.5x) their regular rates of pay because of Defendant's companywide policy and/or practice described herein.

76. Named Plaintiff and the Class Members were not exempt from receiving FLSA overtime benefits.

77. Defendant knew or should have known of the overtime payment requirements of the MWMA. Despite such knowledge, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the Class Members are entitled.

78. The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Named Plaintiff and the Class Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant or were not kept by Defendant.

79. As a direct and proximate result of Defendant's conduct, Named Plaintiff and the Class Members have suffered and continue to suffer damages. Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest, and attorneys' fees and costs, and all other remedies available under the law.

### THIRD CAUSE OF ACTION: RCW 49.12.020 – CLASS ACTION FOR FAILURE TO PROVIDE MEAL AND REST BREAKS

80. All of the preceding paragraphs are realleged as if fully rewritten herein.

81. This claim is brought as part of a class action by Named Plaintiff on behalf of himself and the Class.

82. RCW 49.12.020 provides that "[i]t shall be unlawful to employ any person in any industry or occupation within the state of Washington under conditions of labor detrimental to their health."

83. Pursuant to RCW 49.12.005(5) and Washington Administrative Code ("WAC") 296-126-002(9), conditions of labor "means and includes the conditions of rest and meal periods" for employees.

84. WAC 296-126-092 provides, in relevant part:

  (1) Employees shall be allowed a meal period of at least thirty minutes which commences no less than two hours nor more than five hours from the beginning of the shift. Meal periods shall be on the employer's time when the employee is required by the employer to remain on duty on the premises or at a prescribed work site in the interest of the employer.

  (2) No employee shall be required to work more than five consecutive hours without a meal period.

  (3) Employees working three or more hours longer than a normal work day shall be allowed at least one thirty-minute meal period prior to or during the overtime period.

  (4) Employees shall be allowed a rest period of not less than ten minutes, on the employer's time, for each four hours of working time. Rest periods shall be scheduled as near as possible to the midpoint of the work period. No employee shall be required to work more than three hours without a rest period.

85. Named Plaintiff and Defendant's other Washington employees were routinely not given the meal periods or rest breaks provided for by law.

86. On occasions where Named Plaintiff and Defendant's other Washington employees were given a meal period of thirty minutes, they were not completely relieved from duty for the entire thirty minutes, were subject to interruption, and often were interrupted during their meal breaks.

87. Defendant's failure to provide Plaintiff and the Class with a thirty-minute uninterrupted meal break and the required ten minute rest breaks violated RCW 49.12.020.

88. Because Named Plaintiff and the Class Members were constantly engaged in work activities during meal break times, they are entitled to be compensated 30 minutes for each missed meal break.

89. Because Named Plaintiff and the Class Members were constantly engaged in work activities during their paid rest breaks, Plaintiff and the Class Members are entitled to be compensated ten minutes each for each missed rest break.

90. When the owed rest and meal break time owed combined with other hours worked takes them beyond forty hours for the week, Named Plaintiff and Class Members are entitled to recover wages at their one and one-half times their regular hourly rate for all time owed by Defendant for missed rest and meal breaks.

91. As a result of these unlawful acts, Plaintiff and the Class have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class are entitled to the recovery of such damages, interest, and attorneys' fees and costs, and all other available remedies available under the law.

## PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiff requests judgment against Defendant and for an Order:

A. Facilitating prompt issuance of notice pursuant to 29 U.S.C. § 216(b) and Fed. R. Civ. P. 23 to the FLSA Collective and Class, apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA;

B. Finding that Defendant failed to keep accurate records and that, as a result, Named Plaintiff, the FLSA Collective Members, and the Class Members are entitled to prove their hours worked with reasonable estimates;

C. Awarding to Named Plaintiff, the FLSA Collective Members, and the Class Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by the FLSA;

D. Awarding to Named Plaintiff, the FLSA Collective Members, and the Class Members unpaid compensation, costs, disbursements, and reasonable allowances for fees of counsel and experts as well as reimbursement of expenses;

E. Granting Named Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery;

F. Directing Defendant to pay reasonable attorneys' fees and all costs connected with this action;

G. Awarding to Named Plaintiff, the FLSA Collective Members, and the Class Members such other and further relief as the Court deems just and proper; and

H. Rendering a judgment against Defendant for all damages, relief, or any other recovery whatsoever.

## JURY DEMAND

Named Plaintiff hereby demand a trial by jury on all claims so triable.

Respectfully Submitted,

**NILGES DRAHER LLC**

*/s/ Hans A. Nilges*
Hans A. Nilges (admitted *pro hac vice*)
7034 Braucher St., N.W., Suite B
North Canton, OH 44720
Telephone:	330-470-4428
Facsimile:	330-754-1430
Email: hans@ohlaborlaw.com

Jeffrey J. Moyle (admitted *pro hac vice*)
1360 E. 9th Street, Suite 808
Cleveland, OH 44113
Telephone:	330-470-4428
Facsimile:	330-754-1430
Email: jmoyle@ohlaborlaw.com

*Counsel for Plaintiff*